**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOEL TIRADO-GONZALEZ, <br><br> Plaintiff <br><br> v. <br><br> WENDCO OF PUERTO RICO, INC., <br><br> Defendant | CIVIL NO. 14-1887 <br><br> CIVIL RIGHTS; AMERICANS WITH DISABILITIES ACT; RETALIATION <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, and through the undersigned attorneys, very respectfully avers and prays as follows:

### I.   INTRODUCTION

1. This is a civil action brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq.*, Commonwealth Law 44 of July 2nd, 1985 as amended, 1 L.P.R.A. §§'s 501 *et seq.* and Commonwealth Law 115 of December 20, 1991 as amended, 29 L.P.R.A. §§'s 194 *et seq.*

### II.   JURISDICTION & VENUE

2. The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1331 and § 1343(3), since the action arises under the laws of the United States. Supplemental Jurisdiction is also invoked under 28 U.S.C. § 1367. The state claims are related to the federal claims in this action, since they form part of the same case or controversy under Article III of the United States Constitution as provided by 28 U.S.C. § 1367(a). Venue lies on this district pursuant to 28 U.S.C.A. § 1391(a)(2) because the instant claims arose in the district of Puerto Rico.

### III. THE PARTIES

3. Plaintiff Joel Tirado-González(Hereinafter "Mr. Tirado-González") is a resident of the Commonwealth of Puerto Rico and the victim of the Defendant's employees discriminatory and harassing actions.

4. Wendco of Puerto Rico, Inc. (Hereinafter "Wendco") is a for profit corporation created under the laws of the Commonwealth of Puerto Rico. Wendco is Plaintiff's employer whose employees and officials have been discriminating and retaliating against Mr. Tirado-Gonzalez. Wendco has more than five hundred (500) employees in its payroll.

### IV. THE FACTS

2

5. On November 4 of 2012, Mr. Joel Tirado González started working at a Wendy's fast food restaurant located in Cidra, Puerto Rico and which is owned by the Defendant.

6. Mr. Tirado-González is a mentally disabled thirty(30) year old male, with a funtional IQ between 61 and 81, who has the mental capacity of a young boy and who cannot read or write.

7. Plaintiff was hired by Wendco thru the Vocational Rehabilitation Administration of the Puerto Rico Department of Labor after his mother, Mrs. Carmen González-Jiménez, requested that agency's assistance in finding a job for her disabled son.

8. Prior to his hiring by Wendco Plaintiff received training by the Vocational Rehabiliation Administration, which is a Commonwealth agency that among other things helps to train and find jobs for disabled adults, and he met with Mr. Angel Burgos-Santiago, who at the time was the manager of the Wendy's restaurant located in Cidra.

9. After he finished his training, Mr. Tirado-Gonzalez started working at Wendy's doing maintenance work exclusively.

10. Around September of 2011, Plaintiff started suffering a pattern of persecution and harrasment by then Assistant Manager Mrs. Carmen Avilés due to his mental disability.

11. The particulars of that harrasment are explained in detail in Civil Complaint 14-1316(ADC).

12. As a result of that harrasment, and after Plaintiff and his mother tried to obtain help from several government agencies to try to make it stop, on August 15, 2012 an administrative complaint was filed before the EEOC, thru the Commonwealth's Department of Labor's Antidiscrimination Unit.

13. Notwithstanding this, the discrimination against Plaintiff continued and after the aforementioned administrative complaint was filed; his weekly work schedule was reduced by half by the Defendant's agents.

14. This reduction in his work schedule started on September of 2012, less than a month after his administrative complaint was filed.

15. Since September of 2012, Mr. Tirado-González has been basically working eight(8) hours a week, four(4) hours on Friday and four(4) hours on Saturday, which is less than half what his usual work schedule was before he filed his administrative complaint before the EEOC, thru the Commonwealth's Department of Labor's Antidiscrimination Unit.

16. Not only were Plaintiff's work hours reduced, but by assigning him to only work on Fridays and Saturdays he is curtailed from enjoying the weekend with his family or to take any short vacations in other part of the Island.

17. In fact, employees who were hired after Plaintiff, and who perform his same duties on the same restaurant are given more work hours and are allowed to work weekdays while Plaintiff is forced to work exclusively on Fridays and Saturdays.

18. This reduction in Plaintiff's work schedule is an obvious act of retaliation by the Defendant with the intent of forcing Mr. Tirado-Gonzalez to quit his position at Wendys.

19. In addition, even though all of the employees at the Wendy's restaurant in Cidra had received new uniforms months before, Plaintiff's supervisors had refused to give Plaintiff new ones and had him working in uniforms that hadn't been changed in two(2) years.

20. It wasn't until Plaintiff's mother talked with his supervisor on October of 2014, that they finally gave him new uniforms.

21. On January 30, 2014 Plaintiff filed an administrative complaint for retaliation by his employer before the EEOC.

22. The Equal Employment Opportunity Commission issued a Right to Sue Letter on September 14, 2014.

23. Plaintiff feels a sense of dejection and the psychological damage that he has suffered as a result of the discrimination and retaliation against him continues to harm him to this day.

24. Plaintiff continually talks about dying and how he would have peace if that were to happen.

25. His mental condition has worsened as a result of the harassment and retaliation suffered at his work, as shown by the fact that after many years he has again begun playing with toy cars and exhibiting the characteristics of a young child.

26. All the injuries, damages, mental anguish and suffering endured by the Plaintiff were caused by the Defendant's employee's actions. The Defendant is therefore liable for said injuries, damages and constitutional violations.

27. In addition, due to the unwarranted reduction in his work schedule Plaintiff has suffered economic losses in an amount of no less than $20,000.00.

### V. FIRST CAUSE OF ACTION
**(Compensatory Damages under the Americans with Disabilities Act of 1990)**

28. The allegations contained in paragraph No. 1 through No. 27 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

29. The facts set forth in this Complaint constitute retaliation in violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 and 12203 due to his filing of a charge of discrimination against the Defendant before the EEOC.

30. As a result, compensatory damages for the emotional distress, pain and suffering, mental anguish, loss of him enjoyment of life in an amount of not less than $500,000 under

the ADA against Wendco Puerto Rico, Inc. are requested, plus an amount of not less than $10,000.00 for lost wages, benefits, bonuses and promotions.

## VI. SECOND CAUSE OF ACTION
### (Punitive Damages under the ADA)

31. The allegations contained in paragraph No. 1 through No. 30 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

32. The facts set forth in this Complaint constitute a violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq* and 12203 due to his filing of a charge of discrimination against the Defendant before the EEOC.

33. Punitive Damages in an amount of not less than $500,000 under the ADA are requested since the Defendant has engaged in intentional acts of retaliation and disparate treatment of the Plaintiff and have done so with malice and/or with reckless indifference to his federally protected rights.

## VII. THIRD CAUSE OF ACTION
### (Commonwealth Law No. 115)

34. The allegations contained in paragraph No. 1 through No. 33 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

35. The facts set forth in this Complaint constitute an act of retaliation at the workplace against Plaintiff due to the fact that he filed a charge of discrimination before the EEOC thru

the Puerto Rico Department of Labor's Anti-Discrimination Unit and thus is also in violation of Commonwealth Law No. 115 of December 20, 1991 as amended, 29 L.P.R.A. §§'s 194 *et seq.*

36. Thus, Plaintiff is entitled to an award of no less than $1,010,000 under Law No. 44 for the pain and emotional distress that he has suffered due to the Defendant's employee's actions.

37. In addition, the total amount that will be awarded as damages and which are requested in this Complaint under Federal and State law are subject to be doubled pursuant to 29 L.P.R.A. § 194(b).

## VIII. ATTORNEY FEES, COST AND PREJUDGMENT INTERESTS

38. The allegations contained in paragraph No. 1 through No. 37 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

39. The Defendant is liable to Plaintiff for all sums hereby requested as well as for all pre-judgment and post-judgment interest, costs and attorney fees pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq.*

40. Recovery of attorney fees, costs incurred and interest accrued are also available under the Commonwealth law invoked in this Complaint.

## IX. JURY TRIAL

41. Plaintiff hereby invokes his right to a jury trial pursuant to the Seventh Amendment of the United States Constitution for all issues so triable.

## X. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for this Honorable Court to enter Judgment imposing on Defendants the payment of a) a compensation of no less than $1,010,000.00 under the ADA; b) a compensation of no less than $1,010,000.00 under Commonwealth Law No. 115; c) that the aforementioned amounts be doubled pursuant to 29 L.P.R.A. § 194(b) all with interests, attorney fees and the costs of the litigation, as well as any other remedy that this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 8th day of December of 2014.

**FRANCIS & GUEITS' LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel.(787)745-3100
Fax. (787) 745-3100
E-Mail: jgueits@fglawpr.com
cfrancis@fglawpr.com

**S/JOSÉ J. GUEITS-ORTIZ**
**JOSÉ J. GUEITS-ORTIZ**
U.S.D.C.-P.R. Bar No. 224704

**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**
U.S.D.C.-P.R. Bar No. 227105